OPINION
On July 8, 1998, Appellant entered separate guilty pleas to one count of felonious assault in Case No. CR98-0076 and one count of aggravated vehicular assault with a specification of being under the influence in Case No. CR98-0086.
Appellant also pled guilty to three misdemeanors in Case No. CR98-0086 but such are not a subject of this appeal.
On August 24, 1998, Appellant was sentenced to six years in Case No. 98CR-0076 and one year in Case No. 98CR-0086 with the two sentenced to be served consecutively.
A belated notice of appeal was filed and accepted on November 3, 2000.
Appellant assigns the following errors:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE STATUTORILY MANDATED FINDINGS EITHER BY ORAL PRONOUNCEMENT IN COURT OR BY WRITTEN DIRECTIVE IN ITS JUDGMENT ENTRY TO ENABLE THE TRIAL COURT TO IMPOSE A SENTENCE OF INCARCERATION GREATER THAN THE MINIMUM OF TWO YEARS ON THE FIRST CASE AND SIX MONTHS ON THE SECOND CASE UNDER O.R.C. 2929.14(B) SINCE DEFENDANT HAD NEVER PREVIOUSLY SERVED A PRISON TERM.
 II. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE SENTENCES, SAID SENTENCES BEING CONTRARY TO STATUTORY LAW AND CASE LAW IN THAT THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT CONSECUTIVE SENTENCES
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE DEFENDANT AND AN OPPORTUNITY AT THE SENTENCING HEARING TO PRESENT INFORMATION IN MITIGATION OF PUNISHMENT.
 I, II and III
Appellant maintains that the trial court failed to follow the requirements of R.C. § 2929.14 and Crim. R. 32. We agree.
The Court has received the attached Agreed Judgment Entry of remand in conformance with Appellant's assignment of errors.
While such Entry is not binding on this Court as we must make our decision based on the merits of the appeal, the Court has reviewed the transcript in this matter and the Agreed Judgment Entry of the parties in this matter, and finds Appellant's Assignments of Error I, II and III well-taken.
This matter is reversed and remanded to the trial court for re-sentencing in accordance with R.C. § 2929.14(B), R.C. §2929.14(E) and Crim. R. 32(A)(1).
Boggins, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is reversed and remanded. Costs to appellee.